UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

ANCHOR GLASS CONTAINER
CORPORATION,

Case No. _____
Chapter 11

Debtor.

_____/

## DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY CARLTON FIELDS, P. A., AS COUNSEL FOR DEBTOR IN POSSESSION

Anchor Glass Container Corporation (the "Debtor"), in support of its Application for Authorization to Employ Carlton Fields, P.A., as Counsel for Debtor in Possession (the "Application"), respectfully represents:

1. This Court has jurisdiction over the Application under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), and (O).

2. The statutory basis for the relief requested herein are 11 U.S.C. §§ 327(a) and 328 and Fed. R. Bankr. 2014 and 2016.

### Background Facts

3. On August 8, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Court"). This Motion is filed contemporaneously with the voluntary petition.

4. Since the Petition Date, the Debtor is continuing to operate its business and manage its properties as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtor is the third largest manufacturer of glass containers in the United States. The Debtor has eight strategically located facilities where it produces a diverse line of glass containers for the beer, beverage, liquor, food, and flavored alcoholic beverage markets. The Debtor manufactures and sells its products to many of the leading producers of products in these categories.

6. The Debtor's administrative and executive offices are located in Tampa, Florida. The Debtor owns and operates eight glass container manufacturing facilities and one machine shop used to rebuild glass-forming and related machinery. In addition, the Debtor leases a mold shop as well as additional warehouses for finished products in various cities throughout the United States.

7. The Debtor employs approximately 2,800 persons on a full time basis. Approximately 450 of its employees are salaried office, supervisory, and sales personnel.

8. The Debtor's remaining employees are represented principally by two unions, the Glass Molders, Pottery, Plastics & Allied Workers (the "GMP"), which represent approximately 90% of the Company's hourly employees, and the United Steelworkers of America (the "USWA"), which represents approximately 10% of the Company's hourly employees.

### Corporate Structure

9. The Debtor was formed as a Delaware corporation in January 1997 to acquire most of the assets and to assume certain liabilities of the former Anchor Glass Container Corporation ("Old Anchor"). Old Anchor was a company formed through a leveraged acquisition in 1983 of the Glass Container Division of Anchor Hocking Corporation. In November 1989, Vitro S.A. acquired substantially all of the stock of Old Anchor. Subsequently in September 1996, Old Anchor filed for

protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Pursuant to a confirmed Chapter 11 plan of reorganization, Old Anchor liquidated its assets.

10. The Debtor previously filed with this Court a petition for relief under Chapter 11 of the Bankruptcy Code on April 15, 2002. On August 8, 2002, the Court entered an order confirming the Debtor's Amended Plan of Reorganization and on August 30, 2002, the Debtor completed a restructuring of its then existing debt and equity securities pursuant to that plan. As part of that restructuring, certain investment funds and managed accounts affiliated with Cerberus Capital Management, L.P. ("Cerberus") and other entities, acquired all of the outstanding capital stock of the Debtor. On September 30, 2003, the Debtor consummated an initial public offering of its common stock, par value $.10 per share.

11. As of June 30, 2005, certain investment funds and managed accounts affiliated with Cerberus owned approximately 59.5% of the outstanding common stock of the Debtor.

## Reasons for Bankruptcy Filing

12. Under the Debtor's prior confirmed plan of reorganization, it believed that, as recapitalized, it would be a successful company in the glass industry. Unfortunately, dramatic and unexpected increases in energy and other costs, coupled with the Debtor's inability to contractually pass those costs along to its customers on a current basis and a reduction in the glass industry volume, created a significant strain on its cash flow and made it unable to service its substantial debt.

13. In addition to a trade indebtedness of approximately $50 million, the Debtor has the following obligations:

| | |
|---|---|
| Wachovia Capital Finance – Revolving Credit Facility[1] | $ 63,500,000 |

---

[1] Total availability of $115 million, subject to borrowing base criteria.

| | |
|---|---:|
| Madeleine L.L.C. – Revolving B Loan[2] | 15,370,000 |
| 11% Senior Secured Notes (including accrued interest) | 368,303,000 |
| Unamortized premium on Senior Secured Notes | 2,953,000 |
| Capital lease obligations | 10,055,000 |
| Unsecured obligation under an agreement with the Pension Benefit Guaranty Corporation | 56,570,000 |

14. The Debtor will attempt during this reorganization case to reject unprofitable contracts, curtail production to some extent, and restructure its debt.

**Relief Requested**

15. Prior to the Petition Date, the Debtor employed Carlton Fields ("Carlton Fields") to advise it with respect to certain restructure and bankruptcy related issues. The firm represented the Debtor in its prior Chapter 11 case. Therefore, Carlton Fields is very familiar with the Debtor's financial affairs.

16. The Debtor, as a debtor in possession, wish to employ Carlton Fields, P. A. ("Carlton Fields"), a Florida-based law firm comprised of attorneys duly admitted to practice in this Court, to serve as bankruptcy counsel in this Chapter 11 case. The Debtor has agreed to pay Carlton Fields a reasonable fee for their services in this case, subject to approval of this Court.

17. The Debtor has selected Carlton Fields to serve as its bankruptcy counsel because the firm and its attorneys have extensive experience in bankruptcy and debtor-creditor law, Carlton Fields is familiar with the Debtor's financial affairs, and Carlton Fields is familiar with the rules and procedures of this Court. The Debtor believes that Carlton Fields and its attorneys are well qualified to represent the Debtor in this case. Filed contemporaneously herewith, the Debtor has also filed an application to employ Cahill Gordon & Reindel ("Cahill Gordon") as special corporate counsel for the Debtor.

---

[2] Total availability of $20 million.

18. The services to be rendered by Carlton Fields will not be duplicative of the legal services rendered by Cahill Gordon.

19. In general, Carlton Fields will take the lead counsel role on general bankruptcy matters and bankruptcy litigation issues, while Cahill Gordon will take the lead counsel role on corporate issues. As set forth in the Affidavit of Robert A. Soriano, a member of Carlton Fields (the "Soriano Affidavit"), filed in support of this Application, Cahill Gordon would have responsibility for certain disputes, if they were to arise, between the Debtor and Wachovia Capital Finance Corporation.

20. The services to be rendered by Carlton Fields include, but are not limited to, the following:

    (a)    rendering legal advice with respect to the Debtor's powers and duties as a debtor in possession, the continued operation of the Debtor's business, and the management of its property;

    (b)    preparing on behalf of the Debtor necessary motions, applications, orders, reports, pleadings, and other legal papers;

    (c)    appearing before this Court, any appellate courts, and the United States Trustee to represent and protect the interests of the Debtor;

    (d)    assisting the Debtor and participating in negotiations with creditors and other parties in interest in formulating the plan of reorganization, drafting the plan and a related disclosure statement and any amendments thereto, and taking necessary legal steps to confirm such a plan;

    (e)    representing the Debtor in adversary proceedings, contested matters, and matters involving administration of this case, both in federal and state courts;

    (f)    assisting the Debtor in negotiations with potential financing sources and preparing contracts, security instruments, or other documents necessary to obtain financing; and

    (g)    performing all other legal services that may be necessary for the proper preservation and administration of this Chapter 11 case.

21. It is necessary for the Debtor as debtor in possession to employ attorneys to perform the above-mentioned services.

22. As set forth in the Soriano Affidavit, Carlton Fields does not represent or hold any interest adverse to the Debtor, its creditors or any other party in interest, or to the estate with respect to the matters upon which it is to be employed for the Debtor, except as set forth in the Soriano Affidavit. The employment of Carlton Fields is in the best interest of these estates.

23. Subject to this Court's approval, Carlton Fields will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection herewith, as set forth in the affidavit of Robert A. Soriano. For the information of the Court, attorneys and paraprofessionals of Carlton Fields bill their time in one-tenth-hour increments and the range of hourly rates through January 2005 charged by Carlton Fields, subject to adjustment, is:

| | |
|---|---|
| Shareholder | $275.00-$550.00 |
| Associate | $175.00-$350.00 |
| Paralegal/Legal Assistant | $120.00-$175.00 |

24. Carlton Fields intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure and rules and orders of this Court. Compensation will be payable to Carlton Fields, in compliance with the above rules, on an hourly basis plus reimbursement of actual, necessary expenses incurred by Carlton Fields.

25. No trustee has been appointed in this case.

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

(A) Approving this Application and authorizing the Debtor to employ Carlton Fields and the attorneys in that firm as bankruptcy counsel for the purposes set forth in this Application;

(B) Authorizing the Debtor to pay such counsel reasonable fees and reimbursement for costs as approved and authorized by this Court; and

(C) Providing such other and further relief as is just.

Dated: August 8, 2005

ANCHOR GLASS CONTAINER CORPORATION

By: /s/ Mark S. Burgess
Name: Mark S. Burgess
Title: Chief Executive Officer


/s/ Robert A. Soriano
Robert A. Soriano
Florida Bar Number 445002
CARLTON FIELDS, P.A.
Post Office Box 3239
Tampa, Florida 33601
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
E-Mail: rsoriano@carltonfields.com

Attorneys for Anchor Glass Container Corporation, as Debtor and Debtor in Possession

## CERTIFICATE OF SERVICE

I certify that a copy of Debtor's Application for Authorization to Employ Carlton Fields, P.A., as Counsel for Debtor in Possession was filed electronically on August 8, 2005, and served by United States First Class Mail, to the persons listed on the attached Service List, on August 8, 2005.

/s/ Robert A. Soriano
Attorney

## SERVICE LIST

| | |
|---|---|
| Internal Revenue Service<br>PO Box 35045, Stop 5720<br>Jacksonville, FL 32202 | Securities & Exchange Comm.<br>Branch of Reorganization<br>175 W. Jackson St., Suite 900<br>Chicago, IL 60604-2601 |
| United States Trustee<br>501 E. Polk St., Suite 1200<br>Tampa, FL 33603 | U.S. Attorney's Office<br>Middle District of Florida<br>400 N. Tampa St., Suite 3200<br>Tampa, FL 33602 |
| Office of the Attorney General<br>U.S. Dept. of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530-0001 | Madeleine LLC<br>299 Park Ave., 2nd Floor<br>New York, NY 10171<br>Attn: Janet Silverman |
| Jesse H. Austin, III, Esq.<br>Paul, Hastings, Janofsky & Walker, LL<br>600 Peachtree St., NE, 24th Floor<br>Atlanta, GA 30308-2222 | The Bank of New York, as Trustee<br>101 Barclay St., Floor 21W<br>New York, NY 10086 |
| Wachovia Capital Finance<br>150 S. Wacker Dr.<br>Chicago, IL 60606 | Jonathan N. Helfat, Esq.<br>Otterboug, Steindler, Houston & Rosen, P.C.<br>230 Park Ave.<br>New York, NY 10169-0075 |
| Richard H. Malchon, Jr., Esq.<br>Ruden McCloskey<br>401 E. Jackson St., Suite 2700<br>Tampa, FL 33602 | David H. Botter, Esq.<br>Ira Dizengoff, Esq.<br>Akin Gump Strauss Hauer & Field LLP<br>590 Madison Ave.<br>New York, NY 10022 |
| Michael L. Cook Esq.<br>Lawrence Gelber, Esq.<br>Schutte, Roth & Zabel, LLP<br>919 Third Ave.<br>New York, NY 10022 | Roberta A. Colton, Esq.<br>Trenam Kemker<br>P.O. Box 1102<br>Tampa, FL 33601 |
| James J. Clark, Esq.<br>Cahill Gordon<br>80 Pine St.<br>New York, NY 10005 | Pension Benefit Guaranty Corporation<br>1200 K Street NW, Suite 270<br>Washington, DC 20005-4026 |

| |
|---|
| Anchor Glass Container Erisa Excess Plan<br>4343 Anchor Plaza Pkwy.<br>Tampa, FL 33634-7513 |
| Temple-Inland<br>1300 S. Mopac Expwy.<br>Austin, TX 78746 |
| City of Warner Robins<br>P.O. Box 1468<br>Warner Robins, GA 31099 |
| South Jersey Gas Company<br>P.O. Box 6000<br>Folsom, NJ 08037 |
| Packaging Dimensions – Fibre<br>2300 Raddant Rd., Suite B<br>Aurora, IL 60504 |
| Georgia Power Company<br>96 Annex<br>Atlanta, GA 30396 |
| Unimin Corp<br>258 Elm St.<br>New Canaan, CT 06840 |
| UGI Energy Services, Inc.<br>P.O. Box 827032<br>Philadelphia, PA 19182 |
| Special Shapes Refractory<br>Drawer 151, P.O. Box 830769<br>Bessemer, AL 35022 |
| American Electric Power<br>P.O. Box 24412<br>Canton, OH 44701 |
| Pepco Energy Services<br>1300 N. 17th St., Suite 1600<br>Arlington, VA 22209 |
| Heye-Glas International<br>Am Ziegeleiweg 3<br>Obernkirchen, DE D-31683 |

| |
|---|
| King Industries<br>P.O. Box 2445<br>Columbus, GA 31902 |
| OCI Chemical Corp<br>P.O. Box 67000 Dept 255801<br>Detroit, MI 48267-2558 |
| Centerpoint Energy<br>P.O. Box 3032<br>Carol Stream, IL 60132 |
| Owens Brockway Glass Corp.<br>One Seagate<br>30 LDP<br>Toledo, OH 43666 |
| GMP and Employers<br> Pension Plan<br>205 W 4h St, Ste 225<br>Cincinnati, OH 45202 |
| Schulte Roth & Zabel LLP<br>919 Third Ave<br>New York, NY 10022 |
| Geary Energy, LLC<br>7712 S. Yale Ave, Ste 201<br>Tulsa, OK 74136 |